CHARLES W. LEWIS TOWING & LIGHTERAGE CO. v. CORBIN et al. (Circuit Court of Appeals, Fourth Circuit. April 19, 1918.) No. 1590. Appeal from the District Court of the United States for the District of Maryland, at Baltimore; John C. Rose, Judge. Action by Catherine E. Corbin, individually and as mother and next friend of Roy A. Corbin, and another, against the Charles W. Lewis Towing & Lighterage Company. Judgment for plaintiffs, and defendant appeals. Affirmed. William C. Coleman, of Baltimore, Md. (Semmes, Bowen & Semmes, of Baltimore, Md., on the brief), for appellant. George T. Mister and Harry B. Wolf, both of Baltimore, Md., for appellees. Before KNAPP and WOODS, Circuit Judges, and SMITH, District Judge.

SMITH, District Judge. This is an appeal in admiralty from a decree of the District Court of the United States for the District of Maryland. A collision occurred on the 2d of June, 1916, between the tug J. W. Thompson and the launch Dreamland, in the waters of Curtis creek, in the District of Maryland. In consequence of the collision one Roy Corbin, who was a passenger on the Dreamland, was thrown into the water and drowned. Thereupon this proceeding was brought on behalf of his wife and child against the owners of both the tug Thompson and the launch Dreamland, and by the decree of the District Court it was found that the casualty was due solely to the negligence of the tug J. W. Thompson, which was owned by the appellant herein, and damages decreed against appellant in favor of the libelant. The assignments of error are very general in character, but practically the only question argued before the court and discussed under these assignments of error was whether or not the launch Dreamland was also guilty of negligence, so as to require that the damages awarded should be divided between the owners of the J. W. Thompson and the owners of the launch Dreamland. This is a conclusion of fact, which was decided by the District

Judge, who heard all the witnesses and took all the testimony, adversely to the appellants. Upon consideration of the whole testimony, we do not find that the conclusion of the learned judge, who tried the cause below and heard the testimony, can be said to be manifestly against the evidence on the question of fact involved as to the concurring negligence of the launch, but that as a whole there is sufficient evidence to support it, and the decree below is accordingly affirmed. Affirmed.